## MINNESOTA FARMERS MUTUAL INSURANCE COMPANY v. JOHN DJONNE.[1]

November 6, 1914.

Nos. 18,808—(72).

**Insurance — fraud of agent.**

   In this action to recover an assessment against a member of a Farmers Mutual Insurance Co. it is *held* that the evidence sustains the verdict of the jury, to the effect that defendant was induced to make application for the insurance by fraudulent representations on the part of the agent of plaintiff who solicited the application. *Held*, further, that plaintiff was bound by such representations, and that defendant was not guilty of negligence.

[1] Reported in 149 N. W. 371.

Action transferred to the district court for Lac qui Parle county to recover an assessment of $17.68 levied upon defendant as member of plaintiff company. The case was tried before Qvale, J., who denied defendant's motion to dismiss the action and plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying its motion for judgment in its favor notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*William N. M. Crawford,* for appellant.

*J. H. Driscoll,* for respondent.

BUNN, J.

This is an action to recover an assessment levied by plaintiff, a farmers mutual insurance company, against defendant, on a cyclone insurance policy theretofore issued to him. The defense was that the application was procured by fraudulent representations on the part of the agent of plaintiff who solicited it. This issue was submitted to the jury and a verdict for defendant returned. Plaintiff appeals from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

As we understand the charge of the trial court the only question submitted to the jury was whether the contract was procured by fraud. The briefs argue another question, the legality or illegality of the assessment, but we think the case must turn on the sufficiency of the evidence to sustain a finding of fraud.

The only evidence was the testimony of defendant, which was substantially as follows: In June, 1912, a stranger came to plaintiff on his farm in Lac qui Parle county and solicited him for cyclone insurance. Plaintiff inquired the cost, and the agent told him it would cost him $10 the first year and $8 a year thereafter. Plaintiff then signed the application presented by the agent, and paid him $10. Plaintiff could not read or write, and testified that he relied upon the word of the agent that the writing contained the "bargain we had been talking about." This testimony was uncontradicted. In fact the application contained no language limiting the amount of assessments, but provided that the applicant agreed

to pay all assessments made on him by the company, with interest, costs of collection and an attorney's fee if suit was brought. The policy contained similar language.

In view of the fact that plaintiff was a foreigner and could not read or write, we think the evidence, though not over-convincing to us, cannot be held insufficient to justify a jury in finding fraud.

Plaintiff contends that it was not bound by the representations made by its agent. This contention is clearly unsound. The representations were made as a part of the very business the agent was employed to do, and were clearly within the scope of his authority. It is not a case of admitting evidence of a prior or contemporaneous oral agreement with the agent, contradicting the written agreement, but a case of fraud. Nor can we sustain the view that the agent's representation of the cost was but his estimate or guess. Nor was defendant necessarily guilty of negligence in failing to ascertain the meaning of the language in the policy after he received it.

Had it appeared that defendant knew that he was applying for insurance in a farmers mutual company, it might well be said that he was bound to know the law applicable to such companies, and that he had no right to rely upon the agent's representations as to the cost. But it fairly appears that defendant knew nothing of the nature of the company or as to the character of the insurance he was to get, or whether he was to pay cash premiums, or assessments levied to meet losses. On the whole we do not feel justified in disturbing the decision of the trial court.

Order affirmed.